UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZURICH NORTH AMERICAN INS. CO. *et al.*, | ) ) | |
| Plaintiffs | ) ) | CIVIL NO. 4:17-cv-0667-WIA |
| v. | ) ) | (ARBUCKLE, M.J.) |
| JOSE A. RODRIGUEZ, *et al.*, | ) ) | |
| Defendants | ) ) | |

**OPINION & ORDER ON MOTION TO AMEND COMPLAINT**
(Doc. 13)

**I.    BACKGROUND & PROCEDURAL HISTORY**

This case arises from a chain reaction collision on Interstate 80 during a snow storm on March 29, 2015. On March 17, 2017, twelve days before the expiration of the statute of limitations, Plaintiffs Zurich North American Insurance Company, a/s/o Minuteman Spill Response, LLC a/k/a and d/b/a Minuteman Environmental Services and Minuteman Spill Response, Inc. a/k/a and d/b/a Minuteman Environmental Services filed a Complaint in the Court of Common Pleas of Clinton County against Defendants Jose A. Rodriguez, Hunanyan Garik, and Norayr Vardanyan, d/b/a VV Trucking.

Defendant, Norayr Vardanyan d/b/a VV Trucking filed a notice of removal on April 13, 2017, (Doc. 1) alleging diversity of citizenship (Doc. 1, ¶¶1,15).

Answers were filed by Defendant Norayr Vardanyan on April 20, 2017 (Doc. 3) and Defendant Rodriquez on July 6, 2017 (Doc. 9).[1]  On August 3, 2017 Plaintiff filed a Motion for Leave to File an Amended Complaint with a proposed amended complaint attached (Doc. 13).[2]

The short version of the crash as gleaned from the proposed amended complaint (Doc. 13-1, ¶8) is that Vehicle #1 (Minuteman, insured by Zurich) was stopped on the side of the road during a snow squall.  Vehicle #2 (owned by Rodriguez) crashed into Vehicle #1.  Then Vehicle #3 (Owned by Norayr Vardanyan dba VV Trucking, and driven by either Garik Hunanyan or Vardan Vardanyan) crashed into Vehicle #2, pushing it again into Vehicle #1.  According to the Motion to Amend (Doc. 13, ¶7) the police report of the accident states that Hunanyan Garik was the driver and sole occupant of vehicle #3.  According to the Motion to Amend (Doc. 13, ¶6) "Defendant's [sic] only disclosed that Hunanyan Garik was not the driver of the truck that caused the damage to Plaintiff's insured's vehicle in its [sic] 26a disclosures."

---

[1] For purposes of completeness it should be noted Defendant Norayr Vardanyan d/b/a VV Trucking filed a crossclaim against Defendant Rodriguez as a part of the answer (Doc. 3) to the original complaint (Doc. 1-1).  Rodriguez filed and answer to the cross-complaint (Doc. 10).  The crossclaim and answer do not factor into this decision.

[2] That motion did not include a certificate of concurrence/non-concurrence and a proposed order as required by the local rules 5.1(g) and 7.1.  The Plaintiff was notified of this omission by the Clerk's Office and then filed Doc. 15 which was identical to Doc. 13 but added the required certificate and proposed order.

The Motion to Amend the Complaint does not comply with Local Rule 15.1(b)(2) which directs that:

> The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) <u>a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type</u> (emphasis added).

This failure, and the lack of specificity in Plaintiffs' motion (Doc. 13, pp. 1-2) and supporting brief (Doc. 13, pp. 3-5), required the court to search the Original Complaint (Doc. 1), the Proposed Amended Complaint (Doc. 13-1), and the Joint Case Management Plan (Doc. 7) to determine what changes were proposed. The Motion to Amend the Complaint states that Plaintiffs intend to "add parties [sic] that were not named in the Original Complaint." (Doc. 13, ¶5). My review of the Proposed Amended Complaint however can only find one additional party, Vardan Vardanyan (alleging that he might be the driver of vehicle #3). I also note that, in the Joint Case Management Plan, Defendant Rodriguez denies being the driver of vehicle #2 but apparently does not deny being the owner.[3] In both their Original Complaint (Doc. 1-1, p. 7, ¶11) and proposed Amended Complaint (Doc. 13-1, ¶8),

---

[3] "Defendant Rodriguez maintains that he was not operating his vehicle but was riding as a passenger in his vehicle at the time of the subject accident. So that there is no legal liability against him since he was not driving at the time and there is no other basis to hold him liable for the subject accident." (Doc. 7, p. 2).

Plaintiffs claim that Defendant Rodriguez was both the owner and driver of vehicle #2.[4]

In their Motion to Amend (Doc. 13), Plaintiffs have proffered that the police report filed after this accident names Hunanyan Garik as the sole occupant and also the driver of vehicle #3; and that despite two years of discussions between the insurance carriers for the parties, Plaintiffs first learned of the existence of the proposed additional defendant Vardan Vardanyan (the probable driver of vehicle #3) when the Rule 26 disclosure was filed by Defendant Norayr Vardanyan (the owner of vehicle #3). Plaintiffs allege that they promptly filed the Motion for Leave to Amend on August 10, 2017 but do not disclose when the Rule 26(a) Disclosure was received. Plaintiffs' Motion to Amend is more than two years from the occurrence of the incident that gives rise to this litigation.

In response to Plaintiffs' Motion to Amend Defendant Norayr Vardanyan d/b/a VV Trucking filed a Brief in Opposition raising only one objection – that Plaintiffs are barred from adding a new defendant based on the statute of limitations. (Doc.16). Defendant Rodriguez then filed a letter joining in the objection for the same reason. (Doc.17).

---

[4] Plaintiffs claim the Minuteman vehicle was "involved in an accident with vehicles <u>driven by</u> the Defendants Jose A. Rodriguez and Hunanyan Garik." Statement by Plaintiff in the Joint Case Management Plan (Doc. 7, p. 2)(emphasis added).

## II. DISCUSSION

Every discussion of a procedural question should begin with and be guided by Rule 1 of the Federal Rules of Civil Procedure. Rule 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court <u>and the parties</u> to secure the just, speedy, and inexpensive determination of every action and proceeding. (emphasis added)"

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Pursuant to this rule, "a party may amend its pleading only with the opposing party's written consent <u>or</u> the court's leave. (emphasis added)" Furthermore, this rule expressly provides that, "<u>[t]he court should freely give leave [to amend] when justice so requires.</u>" (emphasis added). However, upon review of Plaintiffs' motion, and Defendants' response, I find that I need not conduct a merits analysis of whether justice requires an amended complaint because Defendants do not have standing to object to the addition of a new defendant by raising a statute of limitations defense.

### A. DEFENDANTS LACK STANDING TO RAISE AN AFFIRMATIVE DEFENSE ON BEHALF OF A NEW PARTY

Whether the alleged actions of some defendants and their insurers, if true, are sufficient to toll the statute of limitations is not before me. Instead, I must

decide whether Defendants may raise a statute of limitations defense on behalf of a new defendant named in a proposed amended complaint.

Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of amended pleadings. Rule 15(c) provides that an amended pleading that adds a new party relates back to the date of the original pleading where: (1) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out in the original complaint; and (2) within 90 days of the filing of the original complaint the new party either received notice or "knew or should have known" that the action would have been brought against it but for a mistake of identity.

I conclude that the issue of whether or not the facts of this case satisfy the requirements of Rule 15(c) is a matter to be determined if and when Mr. Vardan Vardanyan (or anyone else) is properly joined and decides to raise the statute of limitations defense. As explained by the Third Circuit in Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015):

> A statute of limitations defense is an affirmative defense that a defendant must usually plead in his answer. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Nevertheless, "we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. (quoting Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)) (internal quotation marks omitted)."

I could find no authority, nor has any party directed me to any, that gives standing to a current defendant to object to the addition of a new defendant solely on the basis of a statute of limitations defense for the proposed new defendant.

It is hornbook law that the statute of limitations is a waivable but absolute defense.[5] It may be that Mr. Vardan Vardanyan (or anyone else), if added and served, could chose to forego raising the statute of limitations if for no other reason than to avoid litigating the facts raised by the competing briefs on this issue. *See* Fed.R.Civ.P. 8. On the other hand, any added defendant may choose to lead with that defense.

### B. PLAINTIFFS' PROPOSED AMENDED COMPLAINT IS REJECTED AS FILED

I recognize that all parties will have to plead anew to a second amended complaint, requiring new answers and cross-claims. Given the confusing state of the current pleadings this may be a good thing. As a matter of law:

> An amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.*)*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL

---

[5] It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case. *See* Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1278 (3d ed. Rev. 2017).

> PRACTICE & PROCEDURE § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Therefore, since the complaint in this case had been amended, Smith's original complaint was now a nullity with no legal effect.

Smith v. Price, Civ. No. 3:11-CV-1581, 2012 WL 1068159 (M.D.Pa. Mar. 5, 2012), *report and recommendation adopted by* 2012 WL 1072282 (M.D.Pa. Mar. 29, 2012).

The Proposed Amended Complaint in this case (Doc.13-1) identifies each Defendant by name and then uses the boilerplate language: "…with an address as captioned above." This language was appropriate in the original state court complaint where the parties' addresses are set forth in the caption of the complaint. It is not appropriate in a federal pleading, and giving Plaintiffs' counsel the benefit of the doubt, this language was probably simply a cut-and-paste from the Original State Court Complaint (Doc. 1). I also note that, from all the pleadings to date it appears that the complaint was properly removed based upon diversity of citizenship. If the Second Amended Complaint does not adequately describe the residence of the parties as diverse, a motion challenging this court's jurisdiction would be in order, thereby further delaying these proceedings and conflicting with the spirit of Fed.R.Civ.P. 1.

For these reasons, Plaintiffs' Motion to Amend their Complaint (Doc. 13) is granted, but the Proposed Amended Complaint is rejected as filed. Plaintiffs are

granted leave of court to file a Second Amended Complaint within ten (10) days of this order if they still want to amend their Original Complaint.  In keeping with the spirit of Rule 1, if Plaintiffs' only intention is to add additional defendants, a separate motion for leave to file an amended complaint will not be required.  However, if Plaintiffs seek to plead additional or different facts, or add any additional claim against any existing Defendant, they must do so either with the consent of the parties or by seeking leave of court.

Should Plaintiffs choose to file an amended complaint they must do so within ten (10) days of this order.  I remind counsel that any amended complaint shall be complete in all respects.  It shall contain all claims against all of the defendants.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the original complaint.  It shall not incorporate by reference the Original Complaint.  I also encourage Plaintiffs to identify each defendant in a separate paragraph, setting forth each defendant's name, address, and role in this case.  An amended complaint filed pursuant to this Opinion and Order shall be titled as the "Second Amended Complaint" and contain the docket number of this case.

## III. ORDER

For the reasons set forth in this Opinion, Plaintiffs' Motion to Amend their Complaint (Doc. 13) is GRANTED in part, and DENIED in part as follows:

(1) Plaintiffs' Proposed Amended Complaint (Doc. 13-1) is REJECTED;

(2) Plaintiffs' Request for Leave to Amend their Complaint is GRANTED. If Plaintiffs choose to amend their complaint, they shall file a second amended complaint within ten (10) days of the date of this order subject to the conditions outlined in this order. Counsel is also reminded that LR 15.1(a) regarding service of an amended pleading requires that service be completed within thirty (30) days of the filing of the amended complaint and L.R. 4.1 regarding proof of service requires filing of that proof within fourteen (14) days.

(3) If Plaintiffs do not file a second amended complaint within ten (10) days, this case will proceed on the original complaint (Doc. 1-1, pp. 4-10).

Date: September 6, 2017

SO ORDERED
*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge